**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-23629-LFL

WALTER WAYNE BROWN JR.,

     Plaintiff,

v.

T. BRUCE BELL, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATIONS

     **THIS CAUSE** is before the Court upon a *sua sponte* review of the record. This matter was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. Because I find that dismissal of this case is warranted and I do not presently have authority to issue a dispositive order, I am issuing this Report and Recommendation. I have separately entered an Order directing the Clerk to reassign this case to a District Judge of this Court.

     For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED** without prejudice.

## II.    DISCUSSION

     Upon filing the Complaint, Plaintiff did not pay the filing fee for initiating a civil action or file an application to proceed *in forma pauperis*—that is, a motion to proceed without prepaying fees or costs ("IFP Motion"). Therefore, I ordered Plaintiff to either pay the filing fee or file an IFP Motion within 30 days. (ECF No. 6). When Plaintiff failed to comply with that Order by the deadline, I entered a Second Order requiring that Plaintiff either pay the filing fee or file an IFP

Motion within 21 days. (ECF No. 11). That deadline has now passed and again Plaintiff failed to comply.

Any party filing a lawsuit in Federal Court must pay a total fee of $405.00. *See* 28 U.S.C. § 1914(a). Timely payment of the filing fee is not a jurisdictional requisite. S*ee Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978); *Rodgers ex rel. Jones v. Bowen*, 790 F.2d 1550, 1551–52 (11th Cir. 1986). Rather, when a plaintiff fails to comply with the Court's orders to pay the filing fee, the proper standard for determining whether dismissal is warranted is Federal Rule of Civil Procedure 41(b). *See Judkins v. Beech Aircraft Corp.*, 723 F.2d 818, 819 (11th Cir. 1984).

Dismissal "with prejudice" under Rule 41(b) "is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005). But "[c]ourts are afforded greater discretion in dismissing cases where dismissal is without prejudice." *Holmes v. Campbell*, No. 23-14066-CIV, 2024 WL 1077404, at *3 (S.D. Fla. Feb. 22, 2024) (citing *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718–19 (11th Cir. 2011)); s*ee also Taylor v. Nelson*, 356 F. App'x 318 (11th Cir. 2009) (a district court does not abuse its discretion by dismissing complaint for failure to comply with order to submit documentation or pay filing fee).

The undersigned twice ordered Plaintiff to either pay the filing fee or file an IFP Motion. (ECF Nos. 6, 11). The docket reflects that both Orders were promptly mailed to Plaintiff's address of record. To date, Plaintiff has not complied with the Orders.

## IV.    RECOMMENDATION

For the above reasons, the undersigned respectfully **RECOMMENDS** that the Court dismiss this action without prejudice.

2

The Clerk of Court is instructed to mail a copy of this Report and Recommendations to Plaintiff.

A party shall serve and file written objections, if any, to this Report and Recommendations with the assigned United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 19th day of May, 2026.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE