**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-23629-LEIBOWITZ/LOUIS**

**WALTER WAYNE BROWN JR.,**

       *Plaintiff,*

v.

**T. BRUCE BELL,** *et al.,*

       *Defendants.*

_____/

## ORDER ADOPTING MAGISTRATE REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation of U.S. Magistrate Judge Lauren F. Louis [ECF No. 14] (the "R&R"), filed on May 4, 2026, recommending this case be dismissed without prejudice. [*Id.* at 1, 2]. Judge Louis recommends dismissing this action because *pro se* Plaintiff failed to either pay the filing fee, or move to proceed as a pauper, despite being twice ordered to do so. [*See generally*, *id.*; *see also* ECF Nos. 6, 11]. Plaintiff did not file a timely objection to the R&R within the objection period. Upon review of the R&R, the Amended Complaint, relevant portions of the record, and the governing law, the undesigned AFFIRMS and ADOPTS the Report and Recommendation for the reasons discussed below.

### STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353,

1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation.  Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

## DISCUSSION

By statute, the Clerk of Court must require parties instituting a civil action to pay a filing fee. 28 U.S.C. § 1914(a).  A fee exception exists for litigants who make the requisite showing of poverty. Under the *In Forma Pauperis* ("IFP") statute,

> any court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. §1915(a)(1).  "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.1 (11th Cir. 2004) (citations omitted).  When a plaintiff fails to comply with the court's orders to pay the filing fee or move to proceed IFP, the proper standard for determining whether dismissal is warranted is Federal Rule of Civil Procedure 41(b).  *See Judkins v. Beech Aircraft Corp.*, 723 F.2d 818, 819 (11th Cir. 1984).

Plaintiff filed his Complaint on August 11, 2025.  [ECF No. 1].  The Complaint was dismissed on September 15, 2025, for Plaintiff's failure to pay the filing fee or move to proceed as a pauper. [ECF No. 6].  On September 16, 2025, Plaintiff filed an Amended Complaint [ECF No. 8], which was dismissed on January 8, 2026, on the same grounds—failure to pay the filing fee or file an IFP Motion. Both Orders dismissing the complaints warned Plaintiff that if he failed to pay the filing fee or file an IFP Motion by the court-ordered deadlines, this case would be dismissed.  [*See* ECF No. 6 at 1–2; ECF No. 11 at 1–2].  Notwithstanding those warnings, Plaintiff has still not complied with the court's

directives.  Accordingly, this case must be dismissed.

This Court has the authority to prune cases from its dockets where parties have failed to prosecute their cases. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). "[A] dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file." *See Johnson v. DuBose*, 806 F. App'x 927, 928 (11th Cir. 2020).

This case has languished on the Court's docket for almost ten months now.  And, despite two orders of the Court, Plaintiff has taken no action to comply.  Thus, the Court finds Plaintiff has failed to prosecute his claims and dismissal is warranted as recommended by Judge Louis.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that:

1. The Magistrate Judge's Report and Recommendation [ECF No. 14] is **AFFIRMED** and **ADOPTED** and fully incorporated herein.

2. This case is DISMISSED WITHOUT PREJUDICE.

3. *The Clerk* is DIRECTED to CLOSE this case.

**DONE AND ORDERED** in the Southern District of Florida on June 5, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE


cc:      Walter Wayne Brown, Jr., *pro se*
         1915 Chalk Ridge Road
         Vanceburg, KY 41179